# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **REQUEST FOR** |
| vs. | ) | **APPOINTMENT OF NEW** |
| | ) | **COUNSEL AND APPOINTING** |
| Rick Dean Puklich and Lacey Mae Puklich, | ) | **COUNSEL** |
| | ) | |
| | ) | Case No. 1:09-cr-106 |
| Defendants. | ) | |

The court held a hearing on December 16, 2010, on a request by defendant Rick Puklich for a new attorney. During the hearing, Puklich agreed on the record to waive his speedy trial rights to the extent that new counsel would necessitate a change of the trial date. Following the hearing, the court took the matter under advisement.

The United States opposes Puklich's request. The principal objection is that allowing substitution of counsel will likely result in delaying the trial, which is presently scheduled for February 1, 2011.

While it will take some time for new counsel to get up to speed, substantial work has already been done by the federal public defender's office that new counsel will get the benefit of and there are over forty days remaining before trial. The court is not convinced that replacing counsel will cause a substantial delay in the trial of this case even if some relief is ultimately granted. Further, the present trial date appears to be in jeopardy because of the likelihood of the case with the first

1

setting on that date going to trial.[1]

After careful consideration, the court is convinced that there is an irreconcilable conflict between Rick Puklich and his present counsel.  E.g., United States v. Anderson, 570 F.3d 1025, 1031-32 (8th Cir. 2009) (discussing the grounds for replacement of court-court appointed counsel). Consequently, Ass't Federal Public Defender Orell Schmitz is hereby allowed to withdraw as counsel for Puklich and the court appoints in his place attorney Steve Balaban of Bismarck, North Dakota.

Defendant Puklich is hereby advised, however, that it is unlikely another counsel will be appointed if he becomes dissatisfied with new counsel.  Mere dissatisfaction with counsel's tactical decisions is not enough to justify granting a request for new counsel.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2009.

/s/  Charles S.  Miller, Jr.
Charles S.  Miller, Jr.
United States Magistrate Judge

---

[1] The court is concerned over the fact that this matter has already been continued four times already. However, the co-defendant only recently entered a plea of guilty and it does not appear that the request for change of court-appointed counsel is simply a delaying tactic.